FILED

2010 MAY -7 P 2: 25

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA-SAN JOSE

1  **AKERMAN SENTERFITT LLP**
   JUSTIN D. BALSER (SBN 213478)
2  Email: justin.balser@akerman.com
   DONALD M. SCOTTEN (SBN 190532)
3  Email: donald.scotten@akerman.com   **E-filing**
   725 South Figueroa Street, 38th Floor
4  Los Angeles, California 90017-5433
   Telephone: (213) 688-9500
5  Facsimile:  (213) 627-6342

6  **AKERMAN SENTERFITT LLP**
   JUSTIN D. BALSER (CA SBN 213478)   **ADR**
7  Email: justin.balser@akerman.com
   The Kittredge Building
8  511 Sixteenth Street, Suite 420
   Denver, Colorado 80202
9  Telephone: (303) 260-7712
   Facsimile: (303) 260-7714

10
   Attorneys for Defendant
11 AURORA LOAN SERVICES LLC f/k/a Aurora Loan Services, Inc.

12                       UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14 GEORGIA C. BROWN-KYES,           Case No.  CV 10 - 01986  HRL

15              Plaintiff,          **NOTICE OF REMOVAL OF ACTION TO**
                                    **FEDERAL COURT BASED ON FEDERAL**
16 v.                               **QUESTION JURISDICTION**

17 GREENPOINT MORTGAGE FUNDING, INC.;   **[28 U.S.C. § 1331]**
   GMAC MORTGAGE, LLC; ALLAMERICAN
18 MORTGAGE & PROPERTIES; MORTGAGE       **[Removed from Santa Clara County**
   ELECTRONIC REGISTRATION SYSTEMS,      **Superior Court Case No. 1-10-CV-170903]**
19 INC.; ETS SERVICES, LLC; AURORA LOAN
   SERVICES; US BANK N.A. TRUSTEE; and
20 DOES 1 through 100, inclusive,        Complaint Filed: May 3, 2010
                                         Trial Date:      None
21              Defendants.

22

23 **TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

24         Defendant Aurora Loan Services LLC (**Aurora**), pursuant to 28 U.S.C. §§ 1331, 1441 and

25 1446, hereby removes this action from the Superior Court of the County of Santa Clara to the United

26 States District Court for the Northern District of California, and in support states as follows:

27

28

                                    1
                  NOTICE OF REMOVAL TO FEDERAL COURT

FAXED

## I.     STATEMENT OF THE CASE

1.     On May 3, 2010, an action was commenced in the Superior Court of the County of Santa Clara, California, styled *Georgia C. Brown-Kyes v. Greenpoint Mortgage Funding, Inc., et al.*, Case No. 1-10-CV-170903 (**State Court Action**). A copy of the complaint in the State Court Action is attached hereto as **Exhibit 1**.

2.     The complaint purports to assert eighteen causes of action, which plaintiff characterizes as follows:   (1) violation of California *Business & Professions Code* § 17200; (2) violation of Real Estate Settlement Procedures Act (**RESPA**) [12 U.S.C, § 2605, *et seq.*]; (3) breach of contract; and (4) declaratory and injunctive relief.

## II.     FEDERAL QUESTION JURISDICTION

3.     This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because plaintiff asserts a claim arising under the laws of the United States. A case arises under federal law where the vindication of a right under state law necessarily turns on some construction of federal law. *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983). Where a plaintiff claims to rely on a state remedy, but the rights he or she possesses are actually based on federal law, federal question jurisdiction exists. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1211-1212 (9th Cir. 1980). Here, adjudication of plaintiff's complaint requires an analysis and construction of federal law, namely RESPA.

4.     Plaintiff alleges in her complaint a cause of action for violation of RESPA. (*See* Compl. at 7, ¶¶ 28 through 31). Although the theory underlying the RESPA claim is incorrect, plaintiff nonetheless has alleged a claim arising under federal law.

5.     The court has supplemental jurisdiction over the state law claims because they "form part of the same case or controversy" as the federal claims. 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative facts" with the federal claim, and if they would normally be tried together. *See, e.g., Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). Since 12 U.S.C. § 2605 of RESPA concerns certain requirements placed on servicers and the servicing of residential mortgage loans, plaintiff's first cause of action for unfair business practices is

2

1 | also premised, in part, on RESPA. [*See* Compl., ¶ 25 ("unlawful business practices include without
2 | limitation...servicing of Plaintiff's loan.")]. Plaintiff then, as part of her declaration and injunctive
3 | relief cause of action, incorporates each and every paragraph in the complaint including paragraph 25
4 | and the RESPA claims at paragraphs 28 through 31. Therefore, the state-law claims share "a common
5 | nucleus of operative facts" with federal claim under RESPA.

6 | **III.    ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

7 | 6.    Removal of this action is timely. Plaintiff filed the complaint on May 3, 2010.
8 | Removal was therefore effected within 30 days. Aurora has not been served.

9 | 7.    Plaintiff's counsel has confirmed that no defendant has been served with the complaint.
10 | (*See* **Exhibit 2**). Based on review of the state court's docket (including proofs of service, which there
11 | are none), no other defendants have been served. (*See* **Exhibit 3**). Their consent to removal is
12 | therefore not required. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1428 (9th Cir.
13 | 1984), *overruled on other grounds by Ethridge v. Harbor House Restaurant*, 861 F.2d 1389 (9th Cir.
14 | 1988), *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1193 n.1 (9th Cir. 1988) (the requirement for
15 | consent applies "only to defendants properly joined and served in the action").

16 | 8.    On May 3, 2010, the state court denied plaintiff's application for a temporary
17 | restraining order. The application is not reflected on the Court's docket but will be provided to this
18 | Court once it is received. A case management conference is scheduled for September 28, 2010.

19 | 9.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the process,
20 | pleadings, and orders on file in the State Court Action are attached hereto as **Exhibit 1**.

21 | 10.    Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this notice was served
22 | concurrently on the state court.

23 | **IV.    CONCLUSION**

24 | 11.    By this notice of removal and the associated attachments, defendant Aurora does not
25 | waive any objections it may have as to service, jurisdiction, or venue, or any other defenses or
26 | objections it may have to this action. Aurora intends no admission of fact, law or liability by this
27 | notice, and expressly reserves all defenses, motions and/or pleas. Aurora prays that the State Court

28 |

1    Action be removed to this court, that all further proceedings in the state court be stayed, and that

2    Aurora receive all additional relief to which it is entitled.

3    Dated: May 7, 2010                          Respectfully submitted,

4                                                AKERMAN SENTERFITT LLP

5                                                By: _____

6                                                     Justin D. Balser
                                                 Attorneys for Defendant
7                                                AURORA LOAN SERVICES LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL TO FEDERAL COURT**

# EXHIBIT 1

06-03-2010  02:34pm  From-                         y              8168888002              T-569  P.017/017  F-854

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Stephen C. Ruehmann,   SBN: 167533 | (ENDORSED) |
| FISHER & RUEHMANN, LLP | **FILED** |
| 9580 Oak Avenue Parkway, Suite 15, Folsom, CA 95630 | |
| TELEPHONE NO.: 916-988-8001    FAX NO.: 916-988-8002 | MAY -3 2010 |
| ATTORNEY FOR (Name): Georgia C. Brown-Kyes | DAVID H. YAMASAKI |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA | Chief Executive Officer/Clerk |
| STREET ADDRESS: 191 North First Street | Superior Court of CA County of Santa Clara |
| MAILING ADDRESS: 191 North First Street | BY_____ DEPUTY |
| CITY AND ZIP CODE: San Jose, 95113 | Rosales |
| BRANCH NAME: Downtown Superior Court | |

| CASE NAME: GEORGIA C. BROWN-KYES vs. GREENPOINT MORTGAGE FUNDING, INC. GMAC MORTGAGE, LLC. ALLAMERICAN MORTGAGE & PROP. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited    [ ] Limited | [ ] Counter   [ ] Joinder | **110CV170905** |
| (Amount demanded exceeds $25,000) | (Amount demanded $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 8.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [X] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 4
5. This case [ ] is   [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 3, 2010

Stephen C. Ruehmann
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** ProDoc® | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

**BY FAX**

107M265400867.tif - 5/3/2010 2:34:19 PM

05-03-2010  02:34pm  From-          -y.          9169886002          T-589  P.014/017  F-854

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

NOTICE TO DEFENDANT: GREENPOINT MORTGAGE FUNDING, INC.;
*(AVISO AL DEMANDADO)*: GMAC MORTGAGE, LLC.;ALLAMERICAN
MORTGAGE & PROPERTIES, MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; ETS SERVICES, LLC.; AURORA LOAN SERVICES, US BANK
Additional Parties Attachment form is attached.
YOU ARE BEING SUED BY PLAINTIFF: GEORGIA C. BROWN-KYES
*(LO ESTÁ DEMANDANDO EL DEMANDANTE)*:



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

(ENDORSED)
**F I L E D**
MAY - 3 2010

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____ DEPUTY    Rosales

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>Superior Court of California, County of Santa Clara<br>191 North First Street<br>San Jose, California 95113 | CASE NUMBER:<br>*(Número del Caso)*:<br>**110CV170903** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Stephen C. Ruehmann
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
FISHER & RUEHMANN, LLP                                    916-985-9801
9580 Oak Avenue Parkway, Suite 15, Folsom, CA 95630

| DATE:<br>*(Fecha)*  ~~MAY - 3 2010~~  APR 30 2010 | Clerk, by<br>*(Secretario)*  Rosales | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

107M265400867.tif - 5/3/2010 2:34:19 PM

06-03-2010   02:30pm   From~                    y                    9169888002              T-568   P.002/017   F-854

Stephen C. Ruehmann (167533)
Marc A. Fisher, Esq. (47794)
**FISHER & RUEHMANN, LLP**
9580 Oak Avenue Parkway, #15
Folsom, CA 95630
Tel (916) 988-8001/Fax (916) 988-8002

Attorneys for Plaintiff
Georgia C. Brown-Kyes

(ENDORSED)

# FILED

MAY - 3 2010

DAVID H. YAMASAKI
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara
BY_____DEPUTY

M. Rosales

## SUPERIOR COURT OF CALIFORNIA

## SANTA CLARA COUNTY – UNLIMITED JURISDICTION

| | |
|---|---|
| Georgia C. Brown-Kyes, | Case No.: |
| Plaintiff, | 110CV170903 |
| VS. | **PLAINTIFF'S COMPLAINT FOR:** |
| GREENPOINT MORTGAGE FUNDING, INC.; GMAC MORTGAGE, LLC.; ALLAMERICAN MORTGAGE & PROPERTIES; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ETS SERVICES, LLC; AURORA LOAN SERVICES; US BANK N.A. TRUSTEE; and DOES 1 to 100, inclusive, | 1. Violation of Bus. & Prof. Code §17200, et seq. <br> 2. Violation of Real Estate Settlement Procedures Act (RESPA) [12 U.S.C. § 2605, et seq.] <br> 3. Breach of Contract <br> 4. Declaratory and Injunctive Relief |
| Defendants. | **BY FAX** |
| | **DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Georgia C. Brown-Kyes who avers the following:

- 1 -
PLAINTIFF'S COMPLAINT

107M2654O0867.tif - 5/3/2010 2:34:19 PM

1  Stephen C. Ruehmann (167533)
   Marc A. Fisher, Esq. (47794)
2  **FISHER & RUEHMANN, LLP**
3  9580 Oak Avenue Parkway, #15
   Folsom, CA 95630
4  Tel (916) 988-8001/Fax (916) 988-8002

5
   Attorneys for Plaintiff
6  Georgia C. Brown-Kyes

7                    SUPERIOR COURT OF CALIFORNIA

8          SANTA CLARA COUNTY – UNLIMITED JURISDICTION

9

10 Georgia C. Brown-Kyes,            )  Case No.:
11                                   )
                 Plaintiff,          )  **PLAINTIFF'S COMPLAINT FOR:**
12                                   )
                                     )  1.  **Violation of Bus. & Prof. Code §17200, et**
13 VS.                               )      **seq.**
                                     )  2.  **Violation of Real Estate Settlement**
14                                   )      **Procedures Act (RESPA) [12 U.S.C. § 2605,**
15 GREENPOINT MORTGAGE FUNDING,      )      **et seq.]**
   INC.; GMAC MORTGAGE, LLC .,       )
16 ALLAMERICAN MORTGAGE &            )  3.  **Breach of Contract**
   PROPERTIES; MORTGAGE              )  4.  **Declaratory and Injunctive Relief**
17 ELECTRONIC REGISTRATION           )
   SYSTEMS, INC.;  ETS SERVICES, LLC;)
18 AURORA LOAN SERVICES; US BANK     )
   N.A. TRUSTEE; and DOES 1 to 100,  )
19 inclusive,                        )
                                     )
20               Defendants.         )
                                     )
21                                   )
22                                   )
                                     )
23                                   )
                                     )
24                                   )
25 _____   )  **DEMAND FOR JURY TRIAL**

26        **COMES NOW** Plaintiff Georgia C. Brown-Kyes who avers the following:

27

28

                              - 1 -
                      PLAINTIFF'S COMPLAINT

## PARTIES

1. Plaintiff at all relevant times was a resident of Santa Clara County, California. Plaintiff is the owner of real property located at 2144 Vizcaya Circle, San Jose, California 95124, which is a single-family residence in which Plaintiff resides (the "Subject Property").

2. At all times mentioned herein, Defendant GREENPOINT MORTGAGE FUNDING, INC. ("GREENPOINT"), a New York Corporation, transacted business throughout California, including in Santa Clara County, with a main business address of 100 Wood Hollow Drive Novato, California, 94945. GREENPOINT was named the lender on the Deed of Trust. GREENPOINT is no longer in business.

3. At all times mentioned herein, Defendant GMAC MORTGAGE, LLC. ("GMAC") was a Delaware limited liability company with a business address of 1100 Virginia Drive, Fort Washington, Pennsylvania, 10934. GMAC has transacted business throughout California including in Santa Clara County. GMAC acquired the subservicing rights on the loan at issue pertaining to the Subject Property on December 1, 2006.

4. At all times mentioned herein, Defendant ALL AMERICAN MORTGAGE AND PROPERTIES, ("ALL AMERICAN") was an unknown type of entity with a business address of 3031 Tisch Way, # 704, San Jose, California, 95128. ALL AMERICAN has transacted business throughout Santa Clara County, California. ALL AMERICAN was the broker on the loan at issue pertaining to the Subject Property.

5. At all times mentioned herein, Defendant MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") was and is a confidential computer registry and membership organization utilized by its lender members to list and trade mortgage loans on the secondary market while avoiding the legal requisites of recording conveyances of said loans and

deeds of trust. MERS is a Delaware corporation with a business address of 1818 Library Street, Suite 300, Reston, Virginia, 20190. Plaintiff is informed and believes that GREENPOINT appointed MERS as the nominal beneficiary of the Deed of Trust on the Subject Property in 2006. MERS was never the lender for the loan at issue, nor is it the present trustee or true beneficiary of the deed of trust. Rather, MERS is simply a shell designed to obscure the identity of the true holder.

6. At all times mentioned herein, Defendant EXECUTIVE TRUSTEE SERVICES, dba ETS SERVICES, LLC ("ETS") is and was a Delaware limited liability Company and its main corporate address in California is 2255 N. Ontario Street, Suite 400, Burbank, California 91504. ETS is the foreclosing trustee on the Promissory Note and Deed of Trust herein at issue.

7. At all times mentioned herein, Defendant AURORA LOAN SERVICES, INC. ("AURORA") is a corporation organized and existing under the laws of the State of Delaware and has a business address of 10350 Park Meadows Park, Littleton, CO  80124, and who was doing business in San Jose, County of Santa Clara, California, the master loan servicer.

8. At all times mentioned herein, Defendant US BANK N.A. TRUSTEE is and was a National Association and with a main corporate address of 60 Livingston Avenue, 4th Floor, St. Paul, Minnesota, 55107. US BANK N.A. TRUSTEE is the owner of the Promissory Note and Deed of Trust herein at issue, as per a letter from GMAC dated February 11, 2010.

9. Plaintiff is ignorant of the true name and capacity of each Defendant sued herein as DOES 1 through 100, inclusive and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to include the true names and capacities of those Defendants when they have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant sued herein in relation to the property they claim an interest in was the agent and/or employee of each of the remaining Defendants thereof and at all times was acting within the purpose and scope of such agency and/or employment.

11. Whenever in this Complaint an act or omission of a corporation, partnership or other business entity is alleged, the allegations shall be deemed to mean and include an allegation that the corporation, partnership or other business entity acted or omitted to act through its authorized officers, directors, agents, servants and/or employees, acting within the course and scope of their duties, that the act or omission was authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business.

12. At all relevant times, each Defendant knew or realized that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in or planning to engage in unlawful conduct, each Defendant nevertheless facilitated the commission of those unlawful acts. Each Defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

13. At all relevant times, Defendants have engaged in conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint.

## BACKGROUND FACTS

14. Plaintiff is the owner of real property located at 2144 Vizcaya Circle, San Jose, California 95124, where Plaintiff resides.

- 4 -
PLAINTIFF'S COMPLAINT

15. Plaintiff refinanced the subject property on September 12, 2006, using GREENPOINT as the lender.

16. The owner of Plaintiff's loan is US BANK N.A. TRUSTEE, at some point, unknown to Plaintiff; GREENPOINT sold their interest in Plaintiff's Note.

17. The current master servicer is AURORA and the subservicer is GMAC MORTGAGE.

18. ALL AMERICAN earned was the mortgage broker with whom Plaintiff applied for a refinance of her loan. Plaintiff had relied on the advice of ALL AMERICAN and loan broker, Ninous Tuman, who advised Plaintiff that she "would be eligible to refinance her loan" and "not to worry about the adjustable rate or the negative amortizing loan" she received.

19. GREENPOINT offered Plaintiff a loan refinance in the amount of $748,000.00. The loan was negative amortizing with an option adjustable interest rate mortgage, (an "Option ARM") comprised of a fixed rate for the first month at 2.00%, with a first month payment of $2,764.75. The remaining life of the loan was adjustable based on the 1 year Twelve Month Average ("TWA") index, based on the annual yields of actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve entitled "Selected Interest Rates" (the "Monthly Yields"), plus 3.250%, with a cap of 12.00%.

20. At some point in or about December 2007, Plaintiff began to experience some financial problems, and by October 2008, she was unable to keep paying the monthly mortgage payments.

21. A Notice of Default was filed by ETS on January 26, 2009, after Plaintiff missed a few months of payments. Plaintiff did not receive the Notice of Default by mail or by personal delivery to her door.

22. Plaintiff was surprised to find that ETS filed a Notice of Trustee's Sale on April 29, 2009, having not received the Notice of Default filed by ETS. The Trustee's Sale was set for May 20, 2009.

23. In early May 2009, prior to the Trustee's Sale, Plaintiff retained two separate third party negotiators to assist her in obtaining a loan modification with GMAC. GMAC offered Plaintiff the monthly payment of $3,293.22 while they reviewed the loan modification application. After a few months of making the specified payments, GMAC told the negotiator that was working on behalf of Plaintiff that they had a new Trial Program that she could start, by making payments of $2,247.50, again as a predicate to be considered for a permanent loan modification. Plaintiff made the payments as required from May 2009 to December 2009. In October 2009, GMAC then told the negotiator that Plaintiff needed to pay a lump sum of $37,000 by January 2010 to modify the loan or they would go forward with a Trustee's Sale. Plaintiff was not in the financial position to pay and was not prepared to pay this large amount.

### FIRST CAUSE OF ACTION
#### Violation of Bus. & Prof. Code §17200, et seq.
#### (Unlawful Business Practices)
#### Against All Defendants

24. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 23 above as though fully set forth herein.

25. Plaintiff alleges that by engaging in the above-described acts and practices, Defendants have committed one or more acts of unlawful business practices within the meaning of California Business and Professions Code §§17200, *et seq.* These unlawful business practices include, without limitation as to matters that may be revealed through discovery, misrepresentations and concealment regarding the inception, terms, ownership, and servicing of Plaintiff's loan. Each of

these unlawful business practices has caused Plaintiff substantial financial harm.  Moreover, Plaintiff will also suffer an irreparable injury not compensable in damages if the ultimate object of Defendants' conspiracy – the wrongful foreclosure of Plaintiff's property – is permitted to take place.

26. Plaintiff alleges that the unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein.  Plaintiff has no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or recurring in the future, or to prevent the unlawful foreclosure of Plaintiff's Property.

27. Plaintiff alleges that she is entitled to equitable relief, disgorgement of all profits accruing to Defendants because of their unlawful and deceptive acts and practices, attorney's fees and costs, declaratory relief, and a permanent injunction barring Defendants from foreclosing on Plaintiff's Property or otherwise interfering with Plaintiff's use and enjoyment of same.

## SECOND CAUSE OF ACTION
### RESPA Violations (12 U.S.C. § 2605, et seq.)
### Against all Defendants

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above as though fully set forth herein.

29. The subject loan is a mortgage loan under the provisions of RESPA, 12 U.S.C. § 2605, et seq. A violation of RESPA is also made unlawful under California state law by Financial Code § 50505, which specifies that any violation of RESPA is also a violation of the California Mortgage Lending Act.

30. Plaintiff is informed and believes, and thereon alleges, that Defendants violated RESPA by receiving money and/or other things of value for referrals of settlement service business

related to the subject loan, including secret kickbacks and yield spread premiums of $5,610.00 to loan brokers such as ALL AMERICAN.  In return, ALL AMERICAN steered Plaintiff into a loan at rates and on terms well above market rates and above those that Plaintiff could have obtained absent such practices.  The remaining Defendants were at all times knowing and willing co-conspirators in this scheme.

31. As a direct and proximate result of Defendants' failure to comply with RESPA, Plaintiff has suffered and continues to suffer compensable damages.

### THIRD CAUSE OF ACTION
#### Breach of Contract
#### Against Defendants GMAC and DOES 1-100

32. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 31 above as though fully set forth herein.

33. On or about May 13, 2009, prior to the Trustee's Sale, Plaintiff retained two separate third party negotiators to assist her in obtaining a loan modification with GMAC.  On May 13, 2009, GMAC offered Plaintiff the monthly payment of $3,293.22 while they reviewed the loan modification application.  Plaintiff made the payments as required from May 2009 to September 2009 Plaintiff made prompt payments to GMAC in an effort to save her home.

34. On or about September 23, 2009, Plaintiff then hired the second third party negotiators, GMAC told the negotiator that was working on behalf of Plaintiff that they had a new Trial Program that she could start, by making payments of $2,247.50, again as a predicate to be considered for a permanent loan modification.  Plaintiff made the payments as required from October 2009 to January 2010.  In December 2009, GMAC then told the negotiator that Plaintiff needed to pay a lump sum of $37,000 by January 2010 to modify the loan or they would go

forward with a Trustee's Sale.  Plaintiff was not in the financial position to pay and was not prepared to pay this large amount.

35. Plaintiffs relied on this promise in accepting the repayment plans extended by GMAC on May 13, 2009 and again on September 23, 2009.  Defendants had a duty to comply with the above promises that were made to Plaintiff; Plaintiff was not offered a permanent loan modification; this is a breach of their verbal agreement.  GMAC then restarted the foreclosure proceedings.

36. Plaintiffs were entitled to a loan modification pursuant to the terms of the agreement made by GMAC, and seek to enforce this right by the way of this action.

37. As a direct and proximate result of the unconscionable loan agreements described herein, Plaintiff has suffered damage to her consumer credit history and home mortgage creditworthiness with resulting financial loss, and has suffered additional damages according to proof.  Additionally, Defendants procured said unconscionable agreements through fraud and oppression, and Plaintiff is therefore entitled to an award of punitive damages.


### FOURTH CAUSE OF ACTION
### Declaratory and Injunctive Relief
### Against All Defendants

38. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 to 50 above as though fully set forth herein.

39. Plaintiff alleges that an actual controversy exists as to the following issues:

    a.    Plaintiff contends that Defendants are not the present beneficiaries, owners, or holders in due course of the Promissory Note at issue herein.  However, Defendants ETS contend that they are the holder in due course and beneficiary.

b.     Plaintiff contends that Defendants are not authorized or empowered to proceed with foreclosure on the Plaintiff's Property, in that Defendants are not the beneficiaries, owners or holders in due course or beneficiary, such that any appointment of a foreclosing trustee is invalid, as is the NOD here.   However, Defendants contend they are empowered to proceed with foreclosure, that they are the beneficiaries, owners or holders in due course, that appointment of ETS was therefore valid, as was the NOD.

40. Plaintiff desires a judicial determination of the parties' respective rights and duties with regard to the above disputes, and declaration as to validity for the finance loan agreement, finance loan transaction, and Defendants' right to proceed with remedies to foreclose on the note, inclusive of a non-judicial foreclosure of Plaintiff's Property.

41. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain their rights under the Note and as to Defendants' right to proceed with their remedies, inclusive of the non-judicial foreclosure of Plaintiff's Property.

42. Plaintiff alleges that Defendants' actions have undermined Plaintiff's right to her Property and have interfered, and continue to interfere, with Plaintiff's right of possession as the owner of Plaintiff's Property.

## JURY TRIAL DEMANDED

43. Plaintiff demands that this case be tried before a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against all of the Defendants and each of them as follows:

1. That the foreclosure or attempted foreclosure of the Subject Property is deemed illegal and void and the same be immediately and permanently enjoined from conducting any sale, transfer, conveyance, action or any taking any other action adverse to Plaintiff's interest therein;

2. That the underlying loan transaction dated September 1, 2006 be deemed void as a result of Defendants' various breaches and violations of said transaction;

3. That the actions of all of the Defendants be determined to be unfair and deceptive business practices in violation of California Statutes and that this Court award all such relief to Plaintiff as they may be entitled, including injunctive relief, treble damages and an award of costs and attorney's fees;

4. For compensatory damages according to proof;

5. For punitive damages according to proof;

6. For an award of reasonable attorney's fees and costs of suit incurred;

7. That Defendants adverse claims against Plaintiff's title be determined baseless, and for an order vesting title in Plaintiff alone; and

8. For any other relief the Court may deem just and proper.

Dated: May 3, 2010

Stephen C. Ruehmann
Attorney for Plaintiff

- 11 -
PLAINTIFF'S COMPLAINT

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: **1 1 0 C V 1 7 0 9 0 3**

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions,**
**you may automatically lose this case.**

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC. You may ask to appear by telephone -- see Local Civil Rule 8.*

---

Your *Case Management Judge* is: **Honorable Kevin J. Murphy**                *Department:*   **22**

The 1st CMC is scheduled for: (Completed by Clerk of Court)

Date: ~~SEP 2 8 2010~~ *Time:* **3:00 pm**   in Department:   **22**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)

Date: _____   *Time:* _____   in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

< Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
    < The parties are far apart in their view of the law or value of the case
    < The case involves a technical issue in which the evaluator has expertise
    < Case planning assistance would be helpful and would save legal fees and costs
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION
CV-5003 REV 6/08

&lt; Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties, then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
    &lt; The action is for personal injury, property damage, or breach of contract
    &lt; Only monetary damages are sought
    &lt; Witness testimony, under oath, needs to be evaluated
    &lt; An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

&lt; Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
    &lt; The parties have complex facts to review
    &lt; The case involves multiple parties and problems
    &lt; The courthouse surroundings would be helpful to the settlement process

&lt; Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

&lt; Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2704

---

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/08

# EXHIBIT 2

## Balser, Justin (Sh-Den)

| | |
|---|---|
| **From:** | Stephanie Eastwood [stephanie@mfisherlaw.com] |
| **Sent:** | Friday, May 07, 2010 12:18 PM |
| **To:** | Balser, Justin (Sh-Den) |
| **Subject:** | RE: Brown-Kyes Case |

Hi Justin

No other defendants have been served yet.  We are in the process of serving them now.


Stephanie Eastwood
Paralegal to Stephen C. Ruehmann

**Fisher & Ruehmann, LLP**
9580 Oak Avenue Pkwy. #15
Folsom CA 95630
(916) 988-8001
fax (916) 988-8002


The information transmitted (including attachments) is covered by the Electronic Communications Privacy Act, 18
U.S.C. 2510-2521, is intended only for the person(s) or entity/entities to which it is addressed and may contain
confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any
action in reliance upon, this information by persons or entities other than the intended recipient(s) is prohibited. If
you received this in error, please contact the sender and delete the material from any computer.


---

**From:** justin.balser@akerman.com [mailto:justin.balser@akerman.com]
**Sent:** Friday, May 07, 2010 10:55 AM
**To:** stephanie@mfisherlaw.com
**Subject:** RE: Brown-Kyes Case

Stephanie:

Thank you.

Were any of the other defendants served yet?

**Justin D. Balser**
**AKERMAN SENTERFITT** LLP
Direct:    (303) 260-7715
Facsimile: (303) 260-7714


5/7/2010

# EXHIBIT 3

# Register of Actions/Docket

*Notice: The Superior Court of California, County of Santa Clara declares that information provided by and obtained from this site (www.sccaseinfo.org) is intended for use on a case by case basis and typically by parties of record and participants, and does not constitute the official record of the court. Any user of the information is hereby advised that it is being provided as is and that the information may be subject to error or omission. The user acknowledges and agrees that the Superior Court of California, County of Santa Clara is not liable for the accuracy or validity of the information provided.*

**Case Information**                                                                                         **Associated Cases**

Number: **1-10-CV-170903**

Title: **G. Brown-Kyes Vs Greenpoint Mortgage Funding, Inc., Et Al**

Category: **Other Real Property - Unlimited**

Filed: **5/3/2010** Disposed: **None** Status: **Open**

Calendared Events          **Involved Parties**          Documents

| Type | Name | Disposition |
|------|------|-------------|
| Plaintiff | Georgia C. Brown-Kyes<br>None | None |
| Defendant | Greenpoint Mortgage Funding, Inc.<br>None | None |
| Defendant | Gmac Mortgage, Llc<br>None | None |
| Defendant | Allamerican Mortgage & Properties<br>None | None |
| Defendant | Mortgage Electronic Registration Systems, Inc.<br>None | None |
| Defendant | Ets Services, Llc<br>None | None |
| Defendant | Aurora Loan Services<br>None | None |
| Defendant | U.S. Bank N.A. Trustee<br>None | None |

Involved Parties          **Calendared Events**          Documents

| Date | Time | Dept. | Event Description | Result | | | Notice Printed | Reset | |
|------|------|-------|-------------------|--------|--|--|----------------|-------|--|
| | | | | Description | By | Date | | To | From |
| 9/28/2010 | 03:00PM | 22 | CV CMC-Case Management Conf | None | None | None | None | None | None |

Involved Parties          **Documents**          Calendared Events

| Number-Sequence | Document Description | Filed | Ruling | Date |
|-----------------|---------------------|-------|--------|------|
| | | | | |

| 0003-000 | Cv Summons Filed | 05/03/2010 | None | 05/03/2010 |
|---|---|---|---|---|
| | **For:** Georgia C. Brown-Kyes / PLT<br>**Against:** Greenpoint Mortgage Funding, Inc. / DEF<br>**Against:** GMAC Mortgage, LLC / DEF<br>**Against:** AllAmerican Mortgage & Properties / DEF<br>**Against:** Mortgage Electronic Registration Systems, Inc. / DEF<br>**Against:** ETS Services, LLC / DEF<br>**Against:** Aurora Loan Services / DEF<br>**Against:** U.S. Bank N.A. Trustee / DEF | | | |
| 0002-000 | Cv Complaint Filed/Summs Issued | 05/03/2010 | None | 05/03/2010 |
| | **For:** Georgia C. Brown-Kyes / PLT<br>**Against:** Greenpoint Mortgage Funding, Inc. / DEF<br>**Against:** GMAC Mortgage, LLC / DEF<br>**Against:** AllAmerican Mortgage & Properties / DEF<br>**Against:** Mortgage Electronic Registration Systems, Inc. / DEF<br>**Against:** ETS Services, LLC / DEF<br>**Against:** Aurora Loan Services / DEF<br>**Against:** U.S. Bank N.A. Trustee / DEF | | | |
| 0001-000 | Cv Case Cover Sheet | 05/03/2010 | None | 05/03/2010 |
| | **For:** Georgia C. Brown-Kyes / PLT<br>**Against:** Greenpoint Mortgage Funding, Inc. / DEF<br>**Against:** GMAC Mortgage, LLC / DEF<br>**Against:** AllAmerican Mortgage & Properties / DEF<br>**Against:** Mortgage Electronic Registration Systems, Inc. / DEF<br>**Against:** ETS Services, LLC / DEF<br>**Against:** Aurora Loan Services / DEF<br>**Against:** U.S. Bank N.A. Trustee / DEF | | | |

RETURN

1        **PROOF OF SERVICE BY OVERNIGHT DELIVERY COURIER**

2   STATE OF COLORADO, CITY AND COUNTY OF DENVER

3        I am employed in the City and County of Denver, State of Colorado; I am over the age of 18 years and not a party to this action.  My business address is 511 Sixteenth Street, Suite 420, Denver,

4   Colorado 80202.

5        On May 7, 2010, I served the following document(s) described as:

6   **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION**

7   ☒    by enclosing the documents in an envelope or package provided by an overnight delivery

8         carrier and addresses to the persons at the addresses as stated below:

9        Stephen C. Ruehmann, Esq.
          Fisher & Ruehmann, LLP

10      9580 Oak Avenue Parkway, Suite 15
         Folsom, California 95630

11      *Attorneys for Plaintiff*

12

13   ☒    BY FEDERAL EXPRESS *

14   ☐    BY EXPRESS MAIL USPS)*

15   ☐    BY _____ *

16

17        I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

18

19     ☐  (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20     ☒  (Federal)    I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury

21                under the laws of the United States of America that the above is true and

22                correct.

23   Executed on May 7, 2010, at Denver, Colorado.

24                              Kristine L. Elliott

25

26

27

28

<div align="center">1</div>

<div align="center">**NOTICE OF REMOVAL TO FEDERAL COURT**</div>